```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARTINA M. HAGER,

                         Plaintiff,           06-CV-693

            v.                                **DECISION**
                                              **and ORDER**
MICHAEL J. ASTRUE[1],
Commissioner of Social Security

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Martina M. Hager ("Plaintiff") brings this action pursuant to Title II of the Social Security Act, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB").[2] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") George C. Yatron denying her application for benefits was against the weight of substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), on grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B. Barnhart as the proper defendant in this suit.

[2] This case was transferred to the undersigned by the Honorable Richard J. Arcara, United States District Court for the Western District of New York by Order dated October 2, 2007.

the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. For the reasons set forth below, the Court finds that the decision of the Commissioner is supported by substantial evidence, and therefore the Commissioner's motion for judgment on the pleadings is hereby granted. Plaintiff's cross-motion for judgment on the pleadings is denied.

## BACKGROUND

On August 4, 2003, Plaintiff, at that time a 37 year old female high school graduate with past work experience as a waitress, nursing home aide, and secretary, filed an application for DIB. She claims to have become disabled on December 19, 2002 due to degenerative disc disease involving the cervical and lumbar spine, obesity, and adjustment disorder with mixed anxiety and depression. Plaintiff's application was denied by the Social Security Administration initially on March 3, 2004. Thereafter, Plaintiff appeared, with counsel, at an administrative hearing before the ALJ on November 8, 2005. In a decision dated December 12, 2005, the ALJ determined that the Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on September 20, 2006. On October 19, 2006, Plaintiff filed this action.

**DISCUSSION**

I.   **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts

are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in his decision found that Plaintiff was not disabled within the meaning of the Social Security Act. In doing so, the ALJ adhered to the Social Security Administration's 5-Step sequential analysis for evaluating applications for disability benefits. See 20 C.F.R. §§ 404.1520 and 416.920.[3] Under Step 1 of the process the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. (Transcript of Administrative Proceedings at pages 18) (hereinafter "T."). At Steps 2 and 3, the ALJ concluded that Plaintiff's degenerative disc disease involving the cervical and lumbar spine, obesity, and

---

[3] Five-step analysis includes the following: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. See id.

adjustment disorder with mixed anxiety and depression were severe within the meaning of the Regulations but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 18).

At Step 4, the ALJ concluded that Plaintiff was unable to perform any of her past relevant work, which is classified as light to medium work, but found that she retained the residual functional capacity to perform simple, unskilled sedentary work which does not require the ability to understand, remember or carry out detailed work instructions. (T. at 18-20). At Step 5, the ALJ concluded, based upon Medical-Vocational Rule 201.28, that Plaintiff is not disabled. (T. at 20, 21).

### A. The ALJ properly assessed Plaintiff's mental impairment and Residual Functional Capacity.

Plaintiff argues that the ALJ's determination that her mental impairment was severe is inconsistent with the ALJ's determination that she retained the Residual Functional Capacity ("RFC")to perform simple, unskilled sedentary work since an impairment that is severe "significantly limits" her abilities "to do basic work activities," which the performance of simple, unskilled sedentary work requires. 20 C.F.R. 404.1520. (Pl. Br. at 4, 5). Simple, unskilled sedentary work includes basic work activities such as the ability to understand, carry out, and remember simple instructions. 20 C.F.R. 1521(b)(3). Thus, Plaintiff argues that either the ALJ

erroneously determined that Plaintiff's mental impairment was "severe," or the ALJ's RFC determination failed to consider Plaintiff's mental impairment. (Pl. Br. at 5). Also, Plaintiff argues that the ALJ erred when he did not complete a Psychiatric Review Technique Form in evaluating her mental impairment pursuant to 20 C.F.R. § 404.1520a. I find, however, that the ALJ's determination of Plaintiff's mental impairment and RFC are correct and are supported by substantial evidence.

> 1.  The ALJ's determination that Plaintiff's impairment is severe is separate and distinct from his RFC determination.

The ALJ determines if a Plaintiff's impairment is severe at step two of the Social Security Administration's 5-Step sequential analysis for evaluating applications for disability benefits. 20 C.F.R. § 404.1520. An impairment is severe if it is medically determinable and meets the duration requirement. Id. at § (a)(4)(ii). At step four, the ALJ determines the Plaintiff's RFC. Id. at § (a)(4)(iv). An RFC assessment at step four determines "what an individual can still do despite ... her functional limitations and restrictions caused by ... her medically determinable physical or mental impairments." SSR 96-9p.

A determination at step two that an impairment is severe has no bearing on the determination made at step four, evaluating Plaintiff's RFC. See Rosado v. Barnhart, 290 F. Supp.2d 431, 441 (S.D.N.Y. 2003). Step two is a threshold question designed to

screen out *de minimis* claims for disability and nothing more. Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995). Step four determines whether, "despite the [Plaintiff's] severe impairment," Plaintiff has the RFC to perform her past relevant work. Shaw v. Carter, 221 F.3d 126, 132 (2d Cir. 2000). Further, Step two is a "separate and distinct step from assessing [Plaintiff's] mental RFC, which is expressed in work-related functions." Rosado, 290 F. Supp.2d at 441. Thus, the ALJ's determination that Plaintiff's mental impairment is severe and his determination that Plaintiff retained the RFC to perform simple, unskilled sedentary work are not contradictory as each determination are distinct and separate.

### 2. The ALJ's RFC and mental impairment determination are supported by substantial evidence.

Dr. Thomas Dickinson ("Dr. Dickinson"), a consultative psychologist, performed a psychiatric exam on the Plaintiff on November 10, 2003. (Tr. at 189). He concluded that Plaintiff had adjustment disorder with mixed anxiety and depression. (Tr. at 19, 194). He also concluded that Plaintiff was capable of making decisions, following simple work instructions but might have difficulty performing detailed or complex tasks. (Tr. at 19, 193). In addition, she can adequately relate to co-workers, supervisors, and the general public. Id.

Dr. Daniel Mangold ("Dr. Mangold"), a non-examining consultative psychologist, concluded that Plaintiff had adjustment disorder with mild anxiety and depression. (Tr. at 200). He

determined that the adjustment disorder would moderately interfere with Plaintiff's daily living activities and her ability to maintain concentration, persistence, or pace. (Tr. at 19, 207). However, he concluded that the adjustment disorder would not preclude Plaintiff from performing simple job tasks on a sustained and competitive basis. (Tr. at 20, 211, 212).

The ALJ determined that Plaintiff's adjustment disorder with mixed anxiety and depression was a severe mental impairment based on medical findings by Drs. Dickinson and Mangold. (Tr. at 19, 20, 194, 200). The ALJ then determined that Plaintiff retained the RFC to perform simple, unskilled sedentary work which does not require the ability to understand, remember or carry out detailed work based on the their opinions. (Tr. at 18-20). The opinions of Drs. Dickinson and Mangold that Plaintiff can follow simple work instructions is consistent with the basic mental demands of unskilled work. SSR 85-15.

### 3. The ALJ evaluated Plaintiff's mental impairment pursuant to 20 C.F.R. § 404.1520a.

Plaintiff argues that the ALJ did not complete a Psychiatric Review Technique Form ("PRTF"), and that he did not discuss her functional limitations. However, the record shows that a PRTF and a mental RFC were completed on December 5, 2003 by Dr. Mangold. (Tr. at 197-215). The ALJ discussed the PRTF and mental RFC findings in his decision. (Tr. at 19, 20). He noted that Plaintiff had moderate limitations in her daily living activities, and her

ability to maintain concentration, persistence, or pace, and that she had mild limitations in maintaining social functioning. Id. He also noted that Plaintiff did not have any episodes of decompensation. (Tr. at 207). The ALJ's discussion of Plaintiff's limitations in the four broad functional categories listed on the PRTF is consistent with Dr. Mangold's and Dr. Dickinson's opinions. (Tr. at 19, 20, 193, 207, 212).

### B. **The ALJ's RFC findings were sufficient and supported by substantial evidence.**

Plaintiff argues that the ALJ erred when he did not make a specific finding as to her ability to sit for a period of time before determining that she can perform the full range of sedentary work. She argues that under Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984), the ALJ is required to make "specific findings as to how long a [Plaintiff] can sit in order to sustain a finding that [she] can perform sedentary work." I find, however, that Ferraris is inapposite to Plaintiff's case, and that the ALJ's determination is supported by substantial evidence.

In Ferraris, there were conflicting physician reports on how long the Plaintiff could sit which prompted the Second Circuit to remand the case with instructions to the ALJ to "make specific findings ... to his ability to sit and for how long." Id. at 586; see also Diaz v. Shalala, 59 F.3d 307, 315 n.13 (2d Cir. 1995). The present case is distinguishable because there are no conflicting

reports and no physician indicating that Plaintiff could not perform sedentary work. (Tr. at 187, 217, 219, 222).

The ALJ found that Plaintiff was able to perform the full range of sedentary work based upon the medical evidence. (Tr. at 18, 19, 21). Although no treating or examining physicians indicated how long Plaintiff can sit, the ALJ properly considered the evidence as a whole because, the ALJ "is entitled to rely not only on what the record says but what the record does not say." Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983). (T. at 187, 222).

Dr. Steven Dina ("Dr. Dina"), a consultative physician, examined Plaintiff on November 10, 2003. (Tr. at 184). He found that she had moderate limitation due to lumbar dysfunction. (Tr. at 187). He recommended that she avoid repetitive bending, squatting, lifting light weights, rotation movement of the lumbar spine, and assuming fixed positions without the ability to change positions. (Tr. at 187). In addition, Dr. David Bagnall ("Dr. Bagnall"), Plaintiff's treating physician, determined that she had limitations due to her back pain but did not prescribe any restrictions on her daily living activities. (Tr. at 222-31). Also, he prescribed medication for Plaintiff's pain and noted that she was not totally disabled. (Tr. at 222, 225).

Based on Drs. Dina's and Bagnall's findings, the ALJ found that Plaintiff can perform a full range of sedentary work. (Tr. at 19, 20). The medical record supports the ALJ's determination since

sedentary work involves sitting for 6 hours in a 8 hour workday, "lifting no more than 10 pounds at a time," and "a certain amount of walking and standing." 20 C.F.R. § 404.1567(a). Moreover, sedentary work does not require frequent postural activities. SSR 83-10, 96-9p. The sedentary work requirements are consistent with Dr. Dina's recommendation that Plaintiff avoid repetitive postural activities since postural activities are not critical to performing sedentary work. Id. (Tr. at 187). Although, Dr. Dina did note that Plaintiff should avoid assuming fixed positions without the ability to change positions, sedentary work allows for standing and walking for up to 2 hours in a 8 hour workday. SSR 83-10. (Tr. at 187). The ALJ's determination is also consistent with the physical RFC, dated December 8, 2003, filed by N.I. Dela Rosa, Disability Analyst II. (Tr. at 216-221).

## **CONCLUSION**

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's cross-motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                         s/Michael A. Telesca
                                             MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
            February 1, 2008